IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GENE A. McLENITHAN, JR.,                              CV. 07-761-KI

        Petitioner,                               OPINION AND ORDER

   v.

JEAN HILL,

        Respondent.

Corinne J. Lai
520 S.W. 6th Ave., Suite 825
Portland, Oregon, 97204

   Attorney for Petitioner

John R. Kroger
Attorney General
Jacqueline Sadker
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon, 97301-4096

   Attorneys for Respondent

KING, Judge

   Petitioner, currently an inmate at the Eastern Oregon Correctional Institution, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the

1 -- OPINION AND ORDER

petition is denied, and this proceeding is dismissed, with prejudice.

## BACKGROUND

On October 5, 2000, petitioner was convicted of two counts of Sodomy in the First Degree, and two counts of Burglary in the First Degree. Petitioner was sentenced to 272 months imprisonment, and a 20-year term of post-prison supervision.

Petitioner filed a direct appeal challenging the constitutionality of his Ballot Measure 11 sentence. Petitioner filed a *pro se* supplemental brief raising additional assignments of error. The Oregon Court of Appeals affirmed without opinion. State v. McLenithan, 178 Or. App. 320, 37 P.3d 258 (2001). Petitioner sought review in the Oregon Supreme Court on the basis that his Measure 11 sentence was unconstitutional. The Oregon Supreme Court denied review. 333 Or. 568 (2002).

Petitioner subsequently sought state post-conviction relief alleging multiple claims of ineffective assistance of counsel. David Carlson was appointed to represent petitioner. Attorney Carlson subsequently filed a first formal petition for post-conviction relief on petitioner's behalf. Several months later, petitioner moved to have Carlson "disqualified." The trial judge allowed counsel to withdraw, and ordered petitioner to proceed *pro se.*

Approximately two weeks prior to the post-conviction court trial, petitioner filed a *pro se* (second) amended petition for post-conviction relief and moved for substitute counsel. Citing O.R.S. 138.610,[1] the state moved to strike the second amended petition on the grounds that petitioner did not file a motion to amend, and failed to provide sufficient notice of additional claims prior to trial.

The day before trial, the court denied petitioner's motion for the reappointment of counsel on the basis that "[p]etitioner had competent counsel and refused to work with him", and struck petitioner's *pro se* second amended petition. At the conclusion of the trial, the court denied post-conviction relief.

Petitioner appealed, alleging as the sole assignment of error that the post-conviction court erred in denying his request for new counsel. The Oregon Court of Appeals affirmed, without opinion, and the Oregon Supreme Court denied review. McLenithan v. Hill,

---

[1] O.R.S. 138.610 provides:

Within 30 days after the docketing of the petition, or within any further time the court may fix, the defendant shall respond by demurrer, answer or motion. *No further pleadings shall be filed except as the court may order.* The court may grant leave, at any time prior to entry of judgment, to withdraw the petition. *The court may make appropriate orders as to the amendment of the petition or any other pleading, or as to the filing of further pleadings, or as to extending the time of the filing of any pleading other than the original petition.*

3 -- OPINION AND ORDER

210 Or. App. 368, 150 P.3d 1115 (2006), rev. denied, 342 Or. 473 (2007).

In the instant proceeding, petitioner raises four grounds for relief: (1) Miranda violation; (2) ineffective assistance of counsel; (3) trial judge failed to take proper oath of office; and (4) unlawful sentence.

## DISCUSSION

Respondent moves the court to deny habeas relief on the basis that petitioner failed to present his federal constitutional claims to the state post-conviction court and/or on appeal therefrom. Petitioner contends that his procedural default should be excused because it was caused by the post-conviction court's refusal to appoint substitute counsel, and its rejection of petitioner's *pro se* amended petition for post-conviction relief.

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1); Smith v. Baldwin, 510 F.3d 1127, 1137-38 (9th Cir. 2007), cert. denied, 129 S.Ct. 37 (2008); Carter v. Giurbino, 385 F.3d 1194, 1196 (9th Cir. 2004), cert. denied, 543 U.S. 1190 (2005). A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law. Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan v.

4 -- OPINION AND ORDER

Boerckel, 526 U.S. 838, 845 (1999); Casey v. Moore, 386 F.3d 896, 916 (9th Cir. 2004), cert. denied, 545 U.S. 1146 (2005).

If a petitioner procedurally defaults his federal claims in state court, federal habeas relief is precluded absent a showing of cause and prejudice, or that failure to consider his federal claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Smith, 510 F.3d at 1139. To establish cause for a procedural default, a petitioner must prove that the procedural default is due to an objective factor that is external to the petitioner, and that cannot fairly be attributed to him. Coleman, 501 U.S. at 753; Smith v. Idaho, 392 F.3d 350, 356 (9th Cir. 2004); Manning v. Foster, 224 F.3d 1129, 1133 (9th Cir. 2000).

Petitioner failed to raise grounds for relief one, three, or four to any state court; and failed to raise ground for relief two on appeal from the denial of post-conviction relief. Accordingly, the claims are procedurally defaulted because petitioner cannot again seek state post-conviction relief or appeal to the Oregon appellate courts. See O.R.S. 138.510(3) & 138.650(1).

Petitioner contends that because O.R.S. 139.590(4) provides that the state court shall appoint suitable counsel for a post-conviction petitioner, the failure to reappoint counsel in his state post-conviction case violated his right to due process and equal protection and, therefore, constitutes cause sufficient to

5 -- OPINION AND ORDER

excuse his procedural default. The Ninth Circuit has ruled otherwise, holding that because there is no *federal* constitutional right to counsel during state post-conviction proceedings, a state court's failure to appoint counsel during such proceedings, *even if such failure violates state law*, does not constitute cause to excuse a procedural default. Smith v. Idaho, 392 F.3d at 357; see also Bonin v. Vasquez, 999 F.2d 425, 430-31 (9th Cir. 1993). Petitioner's contention that state law created a due process right to counsel does not dictate a contrary conclusion.

In any event, the fact that petitioner was required to proceed *pro se is* fairly attributable to his own actions, i.e., his "refusal to work" with "competent counsel". Accordingly, I conclude that petitioner has not demonstrated cause sufficient to excuse his procedural default.

Similarly, the post-conviction court's decision to strike petitioner's belated, *pro se* amended petition for post-conviction relief, *filed without an accompanying motion to amend*, is not a basis to excuse his procedural default in light of the fact that it was rejected based upon an independent and adequate state law rule requiring leave of the court to amend (O.R.S. 138.610).

In sum, petitioner procedurally defaulted his available state remedies and has failed to demonstrate sufficient cause to excuse his default. Accordingly, federal habeas corpus relief is precluded.

## **CONCLUSION**

Based on the foregoing, petitioner's amended petition for writ of habeas corpus (#22) is DENIED, and this proceeding is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this ____10th____ day of September, 2009.


      /s/ Garr M. King
    Garr M. King
    United States District Judge

7 -- OPINION AND ORDER